FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUN 18  AM 9:06

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(Greenbelt)

| | |
|---|---|
| **Dawud Best** <br> 5800 Carlyle Street <br> Cheverly, MD 20785 <br><br> Plaintiff, <br><br> v. <br><br> **Credit Bureau of Napa County, Inc.** <br> Serve: The Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, MD 21201 <br><br> Defendant, <br><br> **Verizon Maryland LLC** <br> Serve: C T Corporation System <br> 111 Eighth Avenue <br> New York, NY 10007 <br><br> Defendant, <br><br> **The CBE Group, Inc.** <br> Serve: CSC-Lawyers Incorporating Service Co. <br> 7 St. Paul Street, Suite 820 <br> Baltimore, MD 21202 <br><br> Defendant, <br><br> **Credit Control Service, Inc.** <br> Serve: Registered Agent Solutions, Inc. <br> 836 Park Ave 2nd Flr Unit B <br> Baltimore, MD 21201 <br><br> Defendant, <br><br> **E Mortgage Management, L.L.C.** <br> Serve: Nat'l Registered Agents, Inc. of MD <br> 351 W. Camden Street <br> Baltimore, MD 21201 <br><br> Defendant, | CASE NO. 8:15-cv-01141-PWG <br> **JURY TRIAL DEMANDED** <br><br> Judge: Paul W. Grimm |

1

**MDA Capital, Inc.**                              )
**Serve:**  The Corporation Trust Incorporated     )
            351 West Camden Street                 )
            Baltimore, MD 21201                    )
                                                   )
**Credit One Financial**                           )
**Serve:**  Nat'l Registered Agents, Inc. of NV    )
            311 South Division Street              )
            Carson City, NV 89703                  )
                                                   )
            Defendant,                             )
                                                   )
**Granite Bay Acceptance Inc.**                    )
**Serve:**  Business Filings Int'l Incorporation   )
            351 W. Camden Street                   )
            Baltimore, MD 21201                    )
                                                   )
            Defendant,                             )
                                                   )
**Receivables Performance Management, Llc**        )
**Serve:**  The Corporation Trust Incorporated     )
            351 West Camden Street                 )
            Baltimore, MD 21201                    )
                                                   )
            Defendant,                             )
                                                   )
**I.C. System, Inc.**                              )
**Serve:**  The Corporation Trust Incorporated     )
            351 West Camden Street                 )
            Baltimore, MD 21201                    )
                                                   )
            Defendant,                             )
                                                   )
**Equifax Information Services, Llc.**             )
**Serve:**  CSC-Lawyers Incorporating Service Co.  )
            7 St. Paul Street, Suite 820           )
            Baltimore, MD 21202                    )
                                                   )
            Defendant,                             )
                                                   )
**Trans Union, Llc.**                              )
**Serve:**  CSC-Lawyers Incorporating Service Co.  )
            7 St. Paul Street, Suite 820           )
            Baltimore, MD 21202                    )
                                                   )

| | |
|---|---|
| Defendant, | ) |
| | ) |
| **Experian Information Solutions, Inc.** | ) |
| Serve: The Corporation Trust Incorporated | ) |
| 351 West Camden Street | ) |
| Baltimore, MD 21201 | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

COMES the Plaintiff, Dawud Best, and for his complaint against the Defendants alleges the following:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Maryland Consumer Debt Collection Act § 14-202 *et. Seq* ("MCDCA").

### PARTIES

2. The plaintiff is a natural person and resides in Cheverly, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant Verizon Maryland LLC ("Verizon") is a telecommunications company that provides internet, cable and phone service in the State of Maryland.

4. Defendant Credit Bureau of Napa County, Inc., dba Chase Receivables ("Chase") is in the business of collecting debts allegedly owed to its clients.

5. Defendant The CBE Group, Inc. ("CBE") is in the business of collecting debts allegedly owed to its clients.

6. Defendant Credit Control Service, Inc., dba Credit Central Services ("CCS") represents credit grantors on a nationwide basis in the recovery of their overdue payment obligations.

7. Defendant E Mortgage Management, L.L.C. ("EMM") is licensed mortgage bank in over 20 states.

8. Defendant MDA Capital, Inc. ("MDA") is a lender that specializes in sub-prime auto loans.

9. Defendant Credit One Financial ("Credit One") is a bank holding company registered in Nevada. Credit One Bank, U.S. based bank specializing in credit cards, it is held by Credit One. Credit One Financial is a wholly owned subsidiary of Sherman Financial Group, LLC.

10. Defendant Granite Bay Acceptance Inc. ("GBA") is a direct/indirect auto finance lender. GBA uses non-traditional underwriting procedures to identify credit worthy consumers for loans that otherwise would be overlooked due to credit score or recent derogatory history.

11. Defendant Receivables Performance Management, Llc ("RPM") is a self-described national leader in accounts receivable management.

12. Defendant I.C. System, Inc. ("I.C.") is a self-described family and Women-owned collection agency headquartered in Minnesota that was founded in 1938.

13. Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Transunion") are "consumer reporting agencies," ("CRAs") as defined in 15 U.S.C. §1681a(f).

## FACTS

14. Plaintiff obtained his credit reports and found:

(i)   Defendants Verizon and CCS were reporting collection accounts; and

(ii)  Defendants EMM, MDA, Credit One, Granite, RPM, and I.C. had obtained his credit reports.

### CCS Collection Account

15. The CCS collection account was completely unfounded and should have never been reported on Plaintiff's credit file(s)/report(s). CCS was not attempting to collect a debt that Plaintiff had any obligation to pay. Upon information and belief, CCS was simply reporting the debt as a collection method for the sole purpose of extorting money from the Plaintiff. CCS' business model is to report false collection accounts to the CRAs and CCS anticipates that its dubious debt collection practices will go unchallenged by unwitting consumers – the insensible consumers that are duped by CCS' scheme subsequently submit payments to CCS. CCS was aware, prior to generating the collection account, that it did not possess the legal right to post the adverse collection account on Plaintiff's credit file(s). Nevertheless, CCS knowingly reported the false information to the CRAs in hopes that Plaintiff would submit payment instead of challenging CCS' false claim(s).

16. Plaintiff forwarded a dispute of the CCS collection account to the CRAs. The CCS collection account was deleted following Plaintiff's dispute. Either CCS instructed the CRAs to delete the account or the CRAs knew CCS was an unreliable source and immediately deleted the account after receiving Plaintiff's notice of dispute.

17. CCS has 504 complaints lodged against it with the BBB, including 440 related to billing and collection issues. The CRAs knew or should have known that CCS was not a reliable source of credit information. Nevertheless, the CRAs treated CCS as a reliable source of information and did not institute appropriate measures to verify CCS' reporting was accurate.

### *Verizon Collection Account*

18. Verizon is reporting account # 979200**** to the CRAs.

19. On October 20, 2014 Plaintiff mailed dispute letters to the CRAs that disputed the Verizon account 979200****. Upon information and belief, the CRAs forwarded the dispute to Verizon for an investigation of the account.

20. The CRAs responded between November 14th and November 18th 2014 and each verified the Verizon account 979200**** as being reported accurately.

21. Plaintiff also disputed the account #979200**** directly with Verizon by letter dated December 1, 2014.

22. Verizon responded by letter dated December 30, 2014 in which it stated it "do[es] not show that the account in question was ever reported by Verizon to the consumer reporting agencies."

23. Defendants Chase and CBE attempted to collect on this nonexistent Verizon debt.

24. Chase sent at least two letters in October and November 2014 where it falsely claimed Plaintiff owed $432.14 to Verizon for account 9792002317071220.

25. Likewise, CBE sent a letter in January 2015 attempting to collect on the nonexistent Verizon debt.

### *Unauthorized Credit Pulls*

26. RPM obtained Plaintiff's credit report from Transunion on July 31, 2013. The Defendant is/was not collecting on a debt of the Plaintiff and therefore RPM did not have a permissible purpose to obtain Plaintiff's credit report.

27. I.C. obtained Plaintiff's credit report from Experian on November 4, 2013. The Defendant is/was not collecting on a debt of the Plaintiff and therefore I.C. did not have a permissible purpose to obtain Plaintiff's credit report.

28. GBA obtained Plaintiff's credit report from Experian on March 6, 2013 and September 2013. Plaintiff did not receive a firm offer of credit from Granite and therefore Granite did not have a permissible purpose to access Plaintiff's credit report.

29. Credit One obtained Plaintiff's credit report from Experian on December 5th 2012, October 18th 2013, December 23rd 2013, February 11th 2014, March 20th 2014, June 9th 2014, July 21st 2014 and August 26th 2014. Plaintiff does not have an account with Credit One and has not received a firm offer of credit from Credit One. Credit One accessed Plaintiff's credit report for a reason not permitted under the FCRA.

30. MDA obtained Plaintiff's credit report from Equifax on December 20th 2013, February 20th 2014, March 5th 2014, May 1st 2014, May 17th 2014 and September 5th 2014. Plaintiff did not receive a firm offer of credit from MDA and therefore MDA accessed Plaintiff's credit report for an impermissible purpose.

31. EMM obtained Plaintiff's credit report from Equifax on December 17th 2013 and May 17th 2014. Plaintiff did not receive a firm offer of credit from EMM and therefore EMM accessed Plaintiff's credit report for an impermissible purpose.

32. The CRAs failed to maintain and/or employ reasonable procedures to prevent the release of Plaintiff's credit report for unauthorized and impermissible purposes.

### COUNT ONE: VIOLATIONS OF FCRA

33. Plaintiffs incorporate paragraphs 1-32 by reference.

34. Equifax, Experian and Transunion violated 15 U.S.C. §1681i(a)(1),(5)(A) by failing to conduct a reasonable investigation failing to promptly delete the disputed accounts after receiving Plaintiff's dispute.

35. Equifax, Experian and Transunion violated its obligations under 15 U.S.C. §1681e(b)(1) to follow reasonable procedures to assure maximum accuracy by relying on unreliable, discredited sources of information, such as CCS. See ¶17, supra.

36. Equifax, Experian and Transunion violated its obligations under 15 U.S.C. §1681e(a) to establish or follow reasonable procedures to avoid the disclosure of credit information for impermissible purposes..

37. The Defendants identified above in paragraphs 26 thru 31 knowingly and willfully used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

38. Defendants' conduct in obtaining Plaintiff's credit report under false pretenses violates 15 U.S.C. §1681q.

39. Either Verizon did not investigate the dispute at all or it intentionally reported incorrect information. Verizon knew the account should not be reported to the CRAs. See ¶¶21&22, supra. If Verizon had conducted a reasonable investigation it would have concluded the account needed to be removed from Plaintiff's credit report..

40. Verizon had a duty under the FCRA at §1681s-2(b)(1)(D) & (E) to delete or modify the accounts after it concluded a reasonable investigation of Plaintiff's dispute.

41. Defendant's foregoing FCRA violations have caused the Plaintiff to incur both economic and emotional distress damages.

42. Plaintiff is seeking punitive damages in the amount of $30,000 for Defendants' willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $7,500 for Defendants' negligent and willful violations of the FCRA under 15 U.S.C. §§1681n & 1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 for each FCRA violation and his costs for bringing this action. Lastly, Plaintiff reserves his right to obtain attorney and seek attorney fees.

## COUNT TWO: VIOLATIONS OF FDCPA

43. Plaintiff incorporates paragraphs 1-32 by reference.

44. Defendant CCS violated 15 U.S.C. §1692e by attempting to collect a debt from Plaintiff that the Plaintiff did not owe.

45. Defendant CCS violated 15 U.S.C. §1692e by falsely reporting an alleged debt on the Plaintiff's credit file(s) when CCS knew it did not have the legal right to do so.

46. Defendant CCS' illegal debt collection activities have caused the Plaintiff economic damages, in addition to emotional and mental distress damages.

47. Plaintiff seeks actual damages in an amount of $3,000, statutory damages in an amount of $1,000 and reserves his right to seek reasonable attorney's fees in the event he obtains counsel.

## COUNT THREE: VIOLATIONS OF MCDCA

48. Plaintiff incorporates paragraphs 1-32 by reference.

49. Defendant CCS violated § 14-202 by knowingly reporting false information, about the Plaintiff, to the CRAs.

50. Defendant CCS violated § 14-202 by attempting to enforce a right that did not exist.

51.     Defendant CCS' illegal debt collection activities have caused the Plaintiff economic damages, in addition to emotional and mental distress damages.

52.     Plaintiff seeks actual damages in an amount of $3,000, statutory damages in an amount of $1,000 and reserves his right to seek reasonable attorney's fees in the event he obtains counsel.

WHEREFORE, Plaintiff requests $10,500 in actual damages from all Defendants; $30,000 in punitive damages for violations of the FCRA; $10,000 or more in statutory damages; costs for litigating this action; and Plaintiff reserves his right to request legal fees in the event he retains an attorney. Plaintiff further request all other relief to which he is justly entitled at law or in equity.

**TRIAL BY JURY IS DEMANDED.**

Dated: June 17, 2015

Respectfully submitted,

**DAWUD BEST**

_____
Dawud Best
5800 Carlyle Street
Cheverly, Maryland 20785
(202) 425-8163

*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on or about the 17 day of June, 2015 a true copy of the foregoing **PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY DEMAND** was mailed, via U.S. First Class Mail with postage prepaid, to the parties listed below:

**Mailed To:**

| | |
|---|---|
| Credit One Financial<br>**Serve:** Nat'l R/A, Inc. of NV<br>311 South Division Street<br>Carson City, NV 89703 | Nathan D. Adler, Esq.<br>Neuberger, Quinn, Gielen, Rubin & Gibben, P.A.<br>One South Stteet, 27th Floor<br>Baltimore, Maryland 21202-3201<br>Tel: (410) 332-8516<br>*Attorneys for Equifax Information Services, LLC* |
| Bradley T. Canter, Esq.<br>Law Offices of Ronald S. Canter, LLC<br>200A Monroe Street, Suite 104<br>Rockville, Maryland 20850<br>Tel: (301) 424-7490<br>Fax: (301) 424-7470<br>Email: bcanter@roncanterllc.com<br>*Attorney for Credit Control Services, Inc. & Receivables Performance Management LLC* | Patricia Haggerty, Esq.<br>Anderson & Quinn, LLC<br>The Adams Law Center<br>25 Wood Lane<br>Rockville, MD 20850<br>(301) 762-3303<br>*Attorney for Verizon Communications, Inc. and Verizon Maryland LLC* |
| Sandy David Baron, Esq.<br>12505 Park Potomac Avenue, 6th Floor<br>Potomac, Maryland 20854<br>Tel: (301) 255-0547<br>*Attorney for Experian Information Solutions, Inc.* | Patricia Haggerty, Esq.<br>Anderson & Quinn, LLC<br>The Adams Law Center<br>25 Wood Lane<br>Rockville, MD 20850<br>(301) 762-3303<br>*Attorney for Verizon Communications, Inc. and Verizon Maryland LLC* |
| | |

By: _____
Dawud J. Best, *Plaintiff*