# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

**DAWUD J. BEST,** *et al.***,**

   **Plaintiffs,**

**v.**              **Case No.:  PWG-15-1141**

**CREDIT CONTROL**
 **SERVICES, INC.,** *et al.***,**

   **Defendant.**

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendants Verizon Maryland LLC ("Verizon") and Credit Control Services, Inc. ("CCS") "report[ed] collection accounts" to Defendant Experian Information Solutions, Inc. ("Experian") and two other consumer reporting agencies ("CRAs"), listing debts in Plaintiff Dawud J. Best's name.[1]  Second Am. Compl. ¶¶ 13–15, 18, ECF No. 67.  Believing that these reports were false and/or inaccurate, that the CRAs handled them improperly, and that other companies improperly obtained them, Best, who nominally is proceeding without counsel (although his filings appear to have been drafted by someone with legal training), filed suit in the Circuit Court for Prince George's County against thirteen defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Compl., ECF No. 2.  The case was removed to this Court, ECF No. 1, and CCS notified the Court of its intent to move to dismiss for failure to state a claim, asserting that "Plaintiff fails to establish that the alleged collection activity arose

---

[1] For purposes of considering Defendant's motions to dismiss, I accept as true any well pleaded facts that Plaintiff alleged in the Second Amended Complaint.  *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

from a consumer debt." ECF No. 12.  I afforded Best the opportunity to amend to cure the deficiencies CCS identified and cautioned that, if I dismissed the case after he had the opportunity to amend, any dismissal would be with prejudice.  ECF No. 27.

Best filed an Amended Complaint, ECF No. 58, and then amended again to substitute Defendant Verizon Maryland LLC for Defendant Verizon Communications, Inc., ECF No. 67. He has settled and/or voluntarily dismissed his claims as to ten of the originally named defendants.  ECF Nos. 27, 29, 42, 43, 68, 107, 115.  Defendants CCS, Verizon, Experian, and Equifax Information Solutions, LLC ("Equifax") remain.

The Second Amended Complaint, ECF No. 67, is the operative complaint.  It includes FCRA claims against Equifax, Experian, and Verizon (Count One);[2] an FDCPA claim against CCS (Count Two); and a claim against CCS under the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law §§ 14-201 *et seq.* (Count Three).  Equifax has filed an answer.  ECF No. 76.  CCS, Experian, and Verizon have moved to dismiss.[3]  ECF Nos. 71, 88, 89. The parties fully briefed CCS's motion, ECF Nos. 71-1, 82, 86, and Verizon's motion, 89-1, 94, 94-1, 98, 98-1.  Best did not oppose Experian's motion, and the time for doing so has passed. *See* Loc. R. 105.2(a).

---

[2] In what appears to be an abundance of caution, CCS argues that "Best fails to allege any conduct by CSS that violates the FCRA."  CCS Mem. 4.  This is true, and Best concedes that he does not bring Count I against CCS.  Pl.'s Opp'n to CCS Mot. 2.

[3] Verizon styles its motion as a "Motion to Dismiss and/or for Summary Judgment and/or Motion to Compel Arbitration, or, in the Alternative, Motion to Dismiss and/or for Summary Judgment Based on Improper Venue."  I will treat it as a motion to dismiss.

Additionally, after the remaining Defendants responded to Plaintiff's Second Amended Complaint, Best moved to file a Third Amended Complaint, ECF No. 111.[4]  The proposed Third Amended Complaint includes new factual allegations but the same three causes of action as to the remaining defendants.  ECF No. 111-1; *see* ECF No. 111-2 (redline).  Defendants jointly opposed the motion, ECF No. 112, and Best filed a reply, ECF No. 113.  A hearing is not necessary with regard to any of the pending motions.  *See* Loc. R. 105.6.

Because Best fails to state a claim against CCS, Verizon, or Experian, I will grant their motions, dismiss Count I as to Experian and Verizon, and dismiss Counts II and III in their entirety.  And, because the proposed Third Amended Complaint does not cure any of the pleading deficiencies, such that amendment would be futile, and because it contains allegations that Best could have made, had he been diligent, months earlier in his Amended Complaint or his Second Amended Complaint, I will deny Best's Amended Motion for Leave to File a Third Amended Complaint and dismiss the claims against CCS, Verizon, and Experian with prejudice.

## **Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."  *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This Rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp.*

---

[4] Plaintiff's original Motion for Leave to File Third Amended Complaint, ECF No. 110, to which he only attached the proposed Third Amended Complaint in redline, IS DENIED AS MOOT, in light of the Amended Motion for Leave to File Third Amended Complaint, ECF No. 111, which he filed.

*v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

Plaintiff proceeds without counsel, and therefore I will construe his Second Amended Complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, he still must provide the factual support that the Federal Rules of Civil Procedure require.  *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal.  *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).  District courts are not required to be mind readers, or to conjure questions not squarely presented to them.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. Feb. 10, 1992).

## **Factual Background**

Upon obtaining his credit reports, Best learned that "Verizon and CCS were reporting collection accounts."  Second Am. Compl. ¶ 14.  With regard to the CCS account, Best claims that it was not based on "a debt that Plaintiff had any obligation to pay," but rather was an

attempt to "extort[] money from the Plaintiff." *Id.* ¶ 15.  He notified the CRAs that he disputed the account, and "[t]he CCS collection account was deleted following Plaintiff's dispute."  *Id.* ¶ 16.  As for the Verizon account, Best notified the CRAs that he disputed Verizon account number 979200****, and "[u]pon information and belief," they in turn notified Verizon of the dispute "for an investigation of the account," because the CRAs then responded to him, asserting that 979200**** was "being reported accurately." *Id.* ¶¶ 18–20.  He then reached out to Verizon directly and received a letter from Verizon, "dated December 30, 2014 in which it stated it 'd[id] not show that the account in question was ever reported by Verizon to the consumer reporting agencies.'"  *Id.* ¶¶ 21–23.

Best also learned that other companies, formerly defendants in this case, "had obtained his credit reports."  *Id.* ¶ 14.  Specifically, Experian disclosed his credit information to Receivables Performance Management, LLC and I.C. System, Inc. when they were "not collecting on a debt of the Plaintiff and therefore . . . did not have a permissible purpose to obtain Plaintiff's credit report." *Id.* ¶¶ 26, 27.  Experian likewise disclosed his report to Granite Bay Acceptance, Inc., Credit One Financial, MDA Capital, Inc., and E Mortgage Management even though none of these defendants had extended a firm offer of credit to him, such that they "did not have a permissible purpose to access Plaintiff's credit report." *Id.* ¶¶ 28–30.  These actions form the basis for Defendants' alleged FCRA, FDCPA, and MCDCA violations.

## FCRA Claims (Count I)

"In enacting [the] FCRA Congress adopted a variety of measures designed to insure that agencies report accurate information."  *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 414-15 (4th Cir. 2001).  Pursuant to §§ 1681n and 1681o, individuals may file suit against consumer reporting agencies for FCRA violations.  *Id.* at 415.  "In addition to the duties it

imposes on CRAs, FCRA also imposes duties on 'furnishers of information,'" such as Verizon. *Saunders v. Branch Banking & Trust Co. of VA*, 526 F.3d 142, 147–48 (4th Cir. 2008) (citing 15 U.S.C. § 1681s-2).   In relation to Verizon's and CCS's alleged reporting to Experian of collection accounts in Best's name and Experian's handling of those reports, Best claims that Experian violated 15 U.S.C. §§ 1681i(a)(1), (5)(A), 1681e(a), and 1681e(b)(1), and that Verizon violated § 1681s-2(b)(1)(D) & (E).

## Claims against Experian

Best claims that Experian "violated 15 U.S.C. § 1681i(a)(1), (5)(A) by failing to conduct a reasonable investigation [and] failing to promptly delete the disputed accounts after receiving Plaintiff's dispute." Second Am. Compl. ¶ 34.   He also claims that Experian "violated its obligations under 15 U.S.C. § 1681e(b)(1) to follow reasonable procedures to assure maximum accuracy by relying on unreliable, discredited sources of information, such as CCS." *Id.* ¶ 35. Section 1681i(a)(1) provides that, if a consumer disputes "the completeness or accuracy of any item of information" on file at a CRA, the CRA shall "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate."   Section 1681i(a)(5)(A) provides that, if, on reinvestigation, a CRA finds an item to be inaccurate, incomplete, or unverifiable, it shall promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate," and "promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer."   "[A] consumer reporting agency violates § 1681e(b) if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy."  *Dalton*, 257 F.3d at 415.   "[T]o state a claim for failure to comply with § 1681e(b), Plaintiff must allege that a consumer report contained *inaccurate* information. The same is true

of § 1681i(a)." *Brown v. Experian Credit Reporting*, No. 2012 WL 6615005, at *3 (D. Md. Dec. 17, 2002) (emphasis added) (citations omitted); *see Alston v. Trans Union, LLC*, No. TDC-14-1180, 2014 WL 6388338, at *6–7 (D. Md. Nov. 13, 2014) ("[I]naccurate information [is] an essential element of a claim under sections 1681e and 1681i.").

Experian argues that Best does not state a claim under either § 1681i(a) or § 1681e(b) because, for both claims, Best fails to allege that "a CRA prepared a consumer report that contained inaccurate information about the plaintiff." Experian Mot. 4–5, 7–8. Additionally, in Experian's view, Best has not alleged adequately that its procedures were not reasonable. *Id.* at 9. By failing to file a response within the time allotted, Plaintiff implicitly acknowledges that Experian's Motion to Dismiss is meritorious. Moreover, a review of Best's allegations and the relevant case law shows that he fails to state a claim under § 1681e(b) or §1681i(a).

### 1. Verizon Account

As noted, accepting Best's factual allegations as true, he notified the CRAs that he disputed the Verizon account number 979200****, and "[u]pon information and belief," they in turn notified Verizon of the dispute "for an investigation of the account," because the CRAs then responded to him, asserting that 979200**** was "being reported accurately." Second Am. Compl. ¶¶ 18–20. He then reached out to Verizon directly and received a letter from Verizon, "dated December 30, 2014 in which it stated it 'd[id] not show that the account in question was ever reported by Verizon to the consumer reporting agencies.'" Second Am. Compl. ¶¶ 21–23. Based on that letter, Plaintiff alleges that the debt reported on Verizon account number 979200**** was "nonexistent." *Id.* ¶¶ 22–23. Certainly, a report of a "nonexistent" debt is inaccurate, and this seemingly threadbare allegation arguably could be sufficient to "'"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Hinton v.*

*Trans Union, LLC*, 654 F. Supp. 2d 440, 450–51 (E.D. Va. 2009), *aff'd*, 382 F. App'x 256 (4th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555)).

Yet, the December 2014 letter Best references refers to account number 94792****, not 979200****.[5]  Experian Mot. Ex. 1, ECF No. 88-1.  Given that Best relies solely on the letter to assert that the debt did not exist, Best has not alleged adequately that account number 979200**** did not have any debt associated with it, or that the report on that account was otherwise inaccurate.  *See Betts v. Montgomery Coll.*, No. 12-3802-AW, 2013 WL 4478192, at *8 (D. Md. Aug. 16, 2013) ("When the bare allegations of the complaint conflict with any exhibits or other documents, whether attached or adopted by reference, the exhibits or documents prevail.") (quoting *Fare Deals Ltd. v. World Choice Travel.com, Inc.*, 180 F. Supp. 2d 678, 683 (D. Md. 2001) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991)); *Hosack v. Utopian Wireless Corp.*, No. DKC 11-0420, 2011 WL 1743297, at *5 (D. Md. May 6, 2011) ("[A] complaint's unsupported allegation may be overcome on a motion to dismiss by relevant exhibits."); *see also Brown*, 2012 WL 6615005, at *3 (concluding that an allegation that a defendant "'persistently reported derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties,'" accompanied by

---

[5] While generally the law is clear that a federal district court may not consider extrinsic evidence outside of the pleadings when ruling on a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), when "'a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (quoting *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted)).  Best relies on this letter in his Second Amended Complaint, by quoting it in Paragraph 22.  Additionally, given that he does not oppose Experian's motion, he does not challenge the letter's authenticity.  Therefore, I may consider it. *See id.*

an identification of the relevant accounts, was insufficient to state a claim without "facts to support this allegation, including the content of the false allegations"). Thus, because the December 2014 letter does not support Best's allegations of its contents and Best does not allege any other inaccuracy, Best fails to state a claim under § 1681e(b) or § 1681i(a) against Experian in regard to the Verizon account number 979200****.

### 2.   *CCS Account*

Best also alleges that "[t]he CCS collection account was completely unfounded," as "CCS was not attempting to collect a debt that Plaintiff had any obligation to pay." Second Am. Compl. ¶ 15. Experian asserts that the "conclusory statement[]" with regard to the CCS account does not suffice to state a claim, because it does not "identif[y] the specific information that Plaintiff contends should not have been reported, when it was reported and to whom, does not provide when Plaintiff notified Experian of the dispute, and the reasons Plaintiff gave Experian for disputing the CCS Account." Experian Mot. 8. Even if I were to find that this allegation that the entire debt is inaccurate and should not have been reported (because Best had no debt to CCS), *see* Second Am. Compl. ¶ 15, has sufficient specificity, Best's §§ 1681i(a) and 1681e(b) claims with regard to the CCS account fail nonetheless.

Notably, contradicting his allegation that Experian failed to conduct a reasonable investigation and delete the disputed item, Second Am. Compl. ¶ 34, Best alleges that he "forwarded a dispute of the CCS collection account to the CRAs," and "[t]he CCS collection account was deleted following Plaintiff's dispute," *id.* ¶ 16. Thus, even accepting Best's well-pleaded allegations as true, CCS conducted a reasonable reinvestigation, resulting in the removal of the disputed information from Best's file, in accordance with § 1681i(a)(1),(5)(A). Moreover, "when a complaint contains inconsistent and self-contradictory statements [such as these], it fails

to state a claim." *Hosack*, 2011 WL 1743297, at *5.  Consequently, Best fails to state a claim for a violation of § 1681i(a) with regard to the CCS account.  *See id.*

As for § 1681e(b), a CRA violates this section "if (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy."  *Dalton*, 257 F.3d at 415.  Best claims that Experian's reliance on CCS in compiling its report made its procedures unreasonable because "CCS has 504 complaints lodged against it with the BBB, including 440 related to billing and collection issues."  Second Am. Compl. ¶ 17.  But, as Experian observes, Best "does not state when and by whom the complaints were lodged [or] how they were resolved."  Experian Mot. 9 n.9.  Further, as Experian also notes, "Plaintiff does not allege how those disputes relate to his unspecified dispute with CCS, and does not allege facts that Experian was aware or should have been aware of those disputes."  *Id.*  Without such allegations, Best has not pleaded sufficient "factual content [to] allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *See Iqbal*, 556 U.S. at 678.

### 3.  *Disclosures of Credit Information*

Best also claims that Experian "violated its obligations under 15 U.S.C. § 1681e(a) to establish or follow reasonable procedures to avoid the disclosure of credit information for impermissible purposes."  Second Am. Compl. ¶ 36.  As noted, Best claims that Experian disclosed his credit information to two former defendants for an impermissible purpose because these defendants obtained his credit report when they were "not collecting on a debt of the Plaintiff and therefore . . . did not have a permissible purpose to obtain Plaintiff's credit report."  Second Am. Compl. ¶¶ 26, 27.  He also alleges that Experian likewise disclosed his report for an impermissible purpose to four other former defendants because none of these defendants had

extended a firm offer of credit to him, such that they "did not have a permissible purpose to access Plaintiff's credit report." *Id.* ¶¶ 28–30.

Section 1681e(a) "requires consumer reporting agencies to 'maintain reasonable procedures . . . to limit the furnishing of consumer reports to the purposes listed under section 1681b.'" *Hinton*, 654 F. Supp. 2d at 450. To state a claim, "[a] plaintiff 'must first show that the reporting agency released [a] report in violation of § 1681b.'" *Id.* (quoting *Washington v. CSC Credit Servs. Inc.,* 199 F.3d 263, 267 (5th Cir. 2000), *quoted in Harris v. Database Mgmt. & Mktg., Inc.,* 609 F. Supp. 2d 509, 517 (D. Md. 2009)). Pursuant to § 1681b, CRAs "may not furnish a consumer's credit report to third parties except in the circumstances listed in § 1681b"; thus an allegation that a CRA disclosed reports for "impermissible purposes" is an allegation that the CRA disclosed them for "purposes not listed in § 1681b." *Id.* Notably, "'[i]f the consumer reporting agency has *reason to believe* that the user had a permissible purpose in obtaining the report, there is no FCRA violation.'" *Harris v. Database Mgmt. & Mktg., Inc.*, 609 F. Supp. 2d 509, 515 (D. Md. 2009) (citation omitted); *see* 15 U.S.C. § 1681b(a)(3)(A) ("[A]ny consumer reporting agency may furnish a consumer report . . . [t]o a person which *it has reason to believe* . . . intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." (emphasis added)).

Experian argues that Best "fails to make the threshold factual allegation[] that . . . Experian did not have reason to believe that [these former defendants] had a permissible purpose for obtaining h[is] report." Experian Mot. 13–14. Indeed, Best does not allege a reason for Experian not to believe that each former defendant had a permissible purpose in obtaining his report. Moreover, as noted, Best implicitly concedes this point by failing to oppose Experian's

motion.   Consequently, Best fails to allege sufficiently that Experian violated § 1681b, and therefore he also fails state a claim for a violation of § 1681e(a).  *See Hinton*, 654 F. Supp. 2d at 450; *Harris*, 609 F. Supp. 2d at 515.

### Claim against Verizon

As noted, Best alleges that he queried Verizon about account number 979200**** and received a letter from Verizon telling him it never reported "the account in question" to the CRAs.  Second Am. Compl. ¶¶ 21–22.  Based on that assurance from Verizon and the CRAs' assertion that 979200**** was "being reported accurately," *id.* ¶¶ 18–20, Best claims that "[e]ither Verizon did not investigate the dispute at all or it intentionally reported incorrect information," and "if Verizon had conducted a reasonable investigation it would have concluded the account needed to be removed from Plaintiff's credit report."  *Id.* ¶ 39.  According to Best, "Verizon had a duty under the FCRA at § 1681s-2(b)(1)(D) & (E) to delete or modify the accounts after it concluded a reasonable investigation of Plaintiff's dispute."[6] *Id.* ¶ 40.

Pursuant to § 1681s-2(b)(1), a furnisher of information, such as Verizon, that receives notice from a CRA that a consumer disputes the accuracy of information in his or her account must investigate and,

> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation . . . , for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

---

[6] Verizon reads Best's Second Amended Complaint to "clearly allege[] violations of … § 1681s-2(a)[]."  Verizon Mem. 6.  But, Best does not cite § 1681s-2(a) in his pleading.  Nor does he discuss this section in his Opposition to Verizon's motion.  *See* Pl.'s Opp'n 6.  Therefore, Best's FCRA claim against Verizon rests solely on § 1681s-2(b).

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1)(D)–(E); *see Saunders*, 526 F.3d at 148.

Verizon contends that Best "has not made any specific factual allegations regarding Verizon's alleged failure to investigate a notice of dispute reported to it by the credit reporting agencies for the account at issue." Verizon Mem. 7. Like Experian, Verizon attaches its December 2014 letter,[7] Verizon Mem. Ex. 1, Jt. Ex. 1, ECF No. 98-2, contending that, because it references a different account number, it does not support a claim that Verizon should have modified or deleted account number 979200**** following its investigation. Verizon Mem. 7.

Best responds generally that his "claims under FCRA are sufficient," as "Paragraphs 18 thru 22 . . . list Mr. Best's factual allegations" and "meet[] the requirements of Rule 8." Pl.'s Opp'n 6. Insofar as Best adequately alleges that the CRAs notified Verizon of the dispute "[u]pon information and belief," inferred from the CRAs' response to him, he also alleges that Verizon promptly responded, given that the CRAs responded to him within a month of his dispute letters. *Id.* ¶¶ 19–20. Thus, the question is whether Verizon should have modified or deleted the account following the investigation.

As discussed previously, because the December 2014 letter did not relate to account number 979200****, it does not support Plaintiff's assertions that Verizon was notified of a dispute *as to account number 979200****,* investigated *that account* and learned that

---

[7] While Best opposes Verizon's motion, he does not challenge the authenticity of this letter, which he relied on in his Second Amended Complaint. Rather, he acknowledges that it refers to another account. See Pl.'s Opp'n to Verizon Mot. 1 n.1. Therefore, I may consider this letter without treating Verizon's motion as one for summary judgment. See *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.,* 367 F.3d 212, 234 (4th Cir. 2004); *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC,* 794 F. Supp. 2d 602, 611 (D. Md. 2011).

information in *it* was inaccurate.  Consequently, Best has no basis for his conclusory allegations that Verizon should have modified or deleted the account based on its investigation and that "[e]ither Verizon did not investigate the dispute at all or it intentionally reported incorrect information." *Id.* ¶¶ 39–40; *see* 15 U.S.C. § 1681s-2(b)(1)(E) (requiring modification "*if an item of information disputed by a customer is found to be inaccurate*" (emphasis added)).  These conclusory assertions do not suffice to state a claim against Verizon for a violation of § 1681s-2(b), as the Court has no grounds for inferring Verizon's liability for the alleged conduct.[8]  *See Iqbal*, 556 U.S. at 678–79.

### FDCPA and MCDCA Claims (Counts II and III)

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Similarly, the MCDCA "'prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt.'"  *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC-11-3758, 2013 WL 247549, at *9 (D. Md. Jan. 22, 2013) (quoting *Bradshaw v. Hilco Receivables, LLC*, 765 F. Supp. 2d 719, 731–32 (D. Md. 2011) (citing Md. Code Ann., Com. Law § 14–202)).  The Maryland statute provides that, "[i]n collecting or attempting to collect an alleged debt a collector may not," *inter alia*, "[d]isclose or threaten to disclose information which affects the debtor's reputation for credit worthiness with knowledge that the information is false" or "[c]laim, attempt, or threaten to enforce a right with knowledge that the right does not exist." Com. Law. § 14-202(3), (8).  Best claims that CCS violated § 1692e of the FDCPA, and § 14-202 of the MCDCA by attempting to enforce a non-existent right or, more specifically, "by attempting to collect a debt from Plaintiff that the

---

[8] Because I will dismiss Best's claim against Verizon on this ground, I need not reach the alternative grounds Verizon proposes for dismissal.

Plaintiff did not owe," and "by falsely reporting an alleged debt" to the credit reporting agencies, with the knowledge that the debt was false and/or that CCS did not have the right to report it. Second Am. Compl. ¶¶ 44–45, 49–50.

To state a claim under the FDCPA, Plaintiff must allege that "(1) [he] has been the object of collection activity arising from *consumer debt*, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 759–60 (D. Md. 2012) (emphasis added); *Sterling v. Ourisman Chevrolet of Bowie, Inc.*, 943 F. Supp. 2d 577, 585 (D. Md. 2013) (same). The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). It defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

To state a claim under the MDCDA, Plaintiff must allege that a "collector" engaged in an act that the MCDCA prohibits. *See Bierman*, 859 F. Supp. 2d at 769; *Peete-Bey v. Educ. Credit Mgmt. Corp.*, No. CCB-15-272, 2015 WL 5474262, at *6 (D. Md. Sept. 14, 2015); *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 520947, at *6 (D. Md. Feb. 5, 2016). The MDCDA defines "collector" as "a person collecting or attempting to collect an alleged debt arising out of a consumer transaction," that is, "any transaction involving a person seeking or acquiring real or personal property, services, money or credit for *personal, family, or household purposes.*" Com. Law § 14-201(b), (c). This definition of consumer transaction is similar to the meaning of consumer debt under the FDCPA. *Puffinberger v. Commercion, LLC*, No. SAG-13-1237, 2014

WL 120596, at *9 (D. Md. Jan. 10, 2014).  Thus, to state a claim under either statute, a plaintiff must allege that the defendant attempted to collect on an alleged debt acquired "primarily for '*personal, family, or household purposes*.'" *See Alston v. Cavalry Portfolio Servs., LLC*, No. 12-3589-AW, 2013 WL 665036, at *2 (D. Md. Feb. 22, 2013) (citing *Bierman*, 859 F. Supp. 2d. at 759–60; *Boosahda v. Providence Dane LLC*, 462 Fed. App'x 331, 335 (4th Cir. 2012)) (discussing FDCPA) (emphasis added).

CCS contends that Best's claims against it fail, because the Second Amended Complaint "fails to establish . . . that he has been the object of collection activity arising from a <u>consumer debt</u>," or that the debt at issue   "'involv[ed] a person seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes.'" CCS Mem. 6–7 (quoting Md. Code, Comm. Law, § 14-201(c)).  Best counters:

> To the contrary, the Complaint clearly identifies Mr. Best as a "natural person" and that **he** is a "consumer". Further, the collection account Mr. Best references in his Complaint was applied to **his** [personal] credit reports. Minimal inference is needed to deduce that Mr. Best's Complaint, against CCS, involves claims relating to or arising from "consumer debts" as he is not a corporate entity.

Pl.'s Opp'n to CCS Mot. 3 (footnote omitted).

It is not enough, as Best contends, for a plaintiff to be a consumer; the debt must also be one acquired "primarily for '*personal, family, or household purposes*.'"  *See Alston*, 2013 WL 665036, at *2; *Puffinberger*, 2014 WL 120596, at *9; 15 U.S.C. § 1692a(5); Com. Law § 14-201(b), (c).  Best has not alleged sufficiently that "the subject of the debt is primarily for 'personal, family, or household purposes.'"  *Id.* Indeed, he has not alleged the subject of the debt at all.  *See* Second Am. Compl.  Therefore, he has not adequately alleged a consumer debt under the FDCPA or a consumer transaction under the MCDCA, and consequently he fails to state a

claim under either statute.[9]  *See Alston*, 2013 WL 665036, at *2; *Bierman*, 859 F. Supp. 2d. at 759–60; *Boosahda*, 462 Fed. App'x at 335.

### Amendment

Best requests leave to amend if his allegations against CCS are insufficient.  Pl.'s Opp'n to CCS Mot. 3.  He also seeks leave to file a Third Amended Complaint to add "new factual developments," such as "the failure to Experian and Equifax to timely modify or delete a disputed Midland[] collection account and "new evidence relating to the Verizon collection account," and to "clarif[y] claims made under the FDCPA and FCRA."  Pl.'s Mot. to Am. 1.

Whether to grant a motion for leave to amend is within this Court's discretion.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Pursuant to Rule 15,[10] "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  But, the Court should deny leave to amend if doing so "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility." *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).  Notably, for purposes of this case, "repeated failure to cure deficiencies by amendments previously allowed" also is a reason to deny leave to amend.  *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

---

[9]  Because I find that Best failed to state a claim under the MCDCA, I need not reach CCS's contention that Best's claim, insofar as it is "premised upon CCS furnishing incorrect credit information . . . is preempted by the FCRA."  CCS Mem. 7.

[10]  Best filed his motion before the deadline established in the Scheduling Order entered in this case, ECF No. 99.  Therefore, I will analyze it under Rule 15, rather than Rule 16.  *See CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *3 (D. Md. July 24, 2012) (stating that, when the plaintiff moves to amend after the deadline established in the scheduling order for doing so, Rule 16(b)(4) becomes the starting point in the Court's analysis).

The proposed Third Amended Complaint introduces allegations that Midland Funding LLC ('Midland'), "one of the nation's largest buyers of unpaid debt," also was "reporting collection accounts," including account number 855322, which Best disputed with the CRAs on October 20, 2014 and with Midland directly on December 1, 2014.  Third Am. Compl. ¶¶ 12, 14, 32–33, 35.  He claims that between November 14, 2014 and November 18, 2014, Experian (and the other CRAs) "verified the Midland account #855322 as being reported accurately," even though, according to Plaintiff, the account was for a debt that Midland purchased from T-Mobile PCS Holdings LLC on September 26, 2012; Plaintiff "was never contractually liable on the account and … he was not legally responsible for the alleged debt"; and Midland admitted to Best on February 27, 2015 that it "did not have any evidence that Plaintiff had a contract with T-Mobile."  *Id.* ¶ 34–42.

These allegations do not present newly-acquired knowledge that could not have been discerned previously by Best through the exercise of due diligence.  Rather, Best contacted the CRAs in October 2014, heard from them in November 2014, and contacted Midland in December 2014 and February 2015.  Indeed, he filed suit against Midland on these fact (recited in part verbatim) in the Circuit Court for Prince George's County on March 2, 2015.  *See Bey* Compl. ¶¶ 27–35, ECF No. 2 in *Bey, Best & Alston v. Midland Credit Management, Inc. & Midland Funding LLC*, No. GJH-15-1329 (removed to this Court May 8, 2015).[11]  Thus, Best clearly could have brought these allegations in his Amended Complaint when he filed it on June 12, 2015, or in his Second Amended Complaint when he filed it on June 19, 2015.  Instead, he did not request leave to file a motion to amend until September 14, 2015 (ECF No. 92), after

---

[11] I take judicial notice of this proceeding pursuant to Fed. R. Evid. 201(b)(2).

CCS, Experian, and Verizon moved to dismiss on June 29, 2015, August 27, 2015, and August 28, 2015, respectively, and after Equifax filed an answer on July 9, 2015.

Assuming arguendo that these amendments would not be futile, allowing Best to add these allegations at this late juncture, months after they could have been introduced in his Amended or Second Amended Complaint, and after Defendants proposed and briefed their motions to dismiss, would prejudice Defendants, who would have to respond to new allegations through revised responsive pleadings.  Moreover, the delay and the timing, with the request to amend following the last two motions to dismiss by only a couple weeks, are inconsistent with acting in good faith.  Therefore, Best's motion to amend will be denied with regard to the allegations about Midland.  *See MTB Servs*., 2013 WL 1819944, at *3.

The latest proposed iteration of the complaint also adds an allegation that "Experian improperly updated Verizon tradeline" in response to Plaintiff's disputes.  Third Am. Compl. ¶ 14(iii).  Best claims that, "on March 1, 2015, he again "disputed the Verizon collection account," this time "via the CRAs online dispute system."  *Id.* ¶ 27.  According to Best, Verizon now "reported the account as #150837960****," not 979200****.  *Id.*  He alleges that, "[u]pon information and belief, the CRAs forwarded the dispute to Verizon for an investigation of the account."  *Id.*  Best claims that "Experian verified the Verizon account #150837960**** as being reported accurately."  *Id.* ¶ 28.

These allegations do not buttress Best's claim that Verizon failed to delete or modify its account following an investigation that should have prompted it to do so, as it is not clear that account 150837960**** is the same as 979200****, or that Verizon should have deleted or modified either account.  *See* 15 U.S.C. § 1681s-2(b)(1)(E) (requiring modification "*if* an item of information disputed by a customer is found to be inaccurate" (emphasis added)).  Nor do they

substantiate Best's claims regarding the CRAs' treatment of the Verizon and CCS accounts or that CCS attempted to collect on a debt incurred primarily for personal, business or household purposes.  Therefore, as amended, the claims still would be subject to dismissal.

With regard to these additional proposed amendments, Best's motion to amend and his request for leave to amend presented in his opposition to CCS's motion to dismiss are denied as futile.  Further, because amendment would be futile, and given that I warned Plaintiff that any dismissal after he amended would be with prejudice, I will dismiss these claims with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (district court has discretion to dismiss with or without prejudice, although "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim"); *see also McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (dismissal with prejudice "is entirely proper when the court has reviewed the claim and found it to be substantively meritless," as "[o]nce a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation"); *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900, 2013 WL 1943798, at *1 (4th Cir. 2013) (dismissal should be without prejudice is plaintiff has not had opportunity to amend to cure deficiencies).

## <u>Conclusion</u>

In sum, Plaintiff has failed to state a claim under the FDCPA or MCDCA.  I will grant CCS's motion and dismiss Best's claims against it.  Also, Plaintiff has failed to state an FCRA claim against Experian or Verizon.  I will treat Verizon's motion as a motion to dismiss and grant it, and I will grant Experian's motion.  I will dismiss Best's claims against Experian and Verizon as well.  Further, I will deny Best's motion to amend.  Because Plaintiff had the

opportunity to amend to cure the deficiencies in his pleadings and failed to do so in the Second Amended Complaint or in the proposed Third Amended Complaint, this dismissal will be with prejudice.

## ORDER

Accordingly, it is, this 23rd day of March, 2016, hereby ORDERED that

1.  Defendant Credit Control Services, Inc.'s Motion to Dismiss, ECF No. 71, IS GRANTED;

2.  Defendant Experian Information Solutions, Inc.'s Motion to Dismiss, ECF No. 88, IS GRANTED;

3.  Defendant Verizon Maryland LLC's Motion to Dismiss and/or for Summary Judgment and/or Motion to Compel Arbitration, or, in the Alternative, Motion to Dismiss and/or for Summary Judgment Based on Improper Venue, ECF No. 89, treated as a motion to dismiss, IS GRANTED;

4.  Plaintiff's Amended Motion for Leave to File a Third Amended Complaint, ECF No. 111, IS DENIED;

5.  Plaintiff's Motion for Leave to File a Third Amended Complaint, ECF No. 110, IS DENIED AS MOOT in light of Plaintiff's Amended Motion;

6.  Plaintiff's FCRA claim as to Experian and Verizon, and the entirety of Plaintiff's FDCPA and MCDCA claims ARE DISMISSED WITH PREJUDICE;

7.  This case will continue as to Equifax only, and I will schedule a Rule 16 conference to discuss pretrial proceedings; and

8.  The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiff.

_____/S/_____
Paul W. Grimm
United States District Judge